**Adrianus MARULITUA, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] Attorney General, Respondent.**

**No. 07–1750.**

United States Court of Appeals, Eighth Circuit.

Submitted: March 2, 2009.

Filed: March 5, 2009.

---

1. Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

David L. Wilson, Wilson Law Group, Minneapolis, MN, for Petitioner.

Scott Baniecke, U.S. Immigration & Naturalization Service, Bloomington, MN, Karen Yolanda Drummond, Richard M. Evans, Assistant Director, Thomas W. Hussey, Siu P. Wong, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, Lori Scialabba, U.S. Department of Justice, Executive Office for Immigration Review, Office of General Counsel, Falls Church, VA, for Respondent.

Before RILEY, SMITH, and BENTON, Circuit Judges.

PER CURIAM.

Indonesian citizen Adrianus Marulitua petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's denial of withholding of removal and relief under the Convention Against Torture (CAT).[2]

After careful review of the record, we conclude the denial of withholding of removal and CAT relief is supported by substantial evidence in the record. *See Ming Ming Wijono v. Gonzales,* 439 F.3d 868, 872, 874 (8th Cir.2006) (standard of review); *Menjivar v. Gonzales,* 416 F.3d 918, 921 (8th Cir.2005) (persecution requires harm either by government or by persons government is unable or unwilling to control). Marulitua now argues that the IJ erred by not considering his claim under a pattern-or-practice-of-persecution theory, but this issue is not properly before us because Marulitua did not raise it before the BIA.[3] *See Ateka v. Ashcroft,* 384 F.3d 954, 957 (8th Cir.2004) (if petitioner fails to raise issue in appeal to BIA, petitioner has not exhausted administrative remedies with respect to it).

Accordingly, we deny the petition.

---

2. Marulitua's related asylum application was denied as untimely, and is not before us for review.

3. Moreover, we have rejected similar claims by Indonesian Chinese Christians. *See, e.g. Tolego v. Gonzales,* 452 F.3d 763, 766–67 (8th Cir.2006); *Ming Ming Wijono,* 439 F.3d at 873–74.